IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 91 CR 821 |
| ) | |
| LENELL SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Just two weeks ago this District Court received from petitioner Lenell Smith ("Smith") a pro se document captioned "Petition for Minute Order and Clarification in the Matter of Pretrial Detention Credit." Because Smith had been tried and convicted before, and then sentenced by, this Court's former colleague Honorable Ann Williams, and because Judge Williams has since been elevated to the Court of Appeals, the current Petition was assigned at random to this Court's calendar. It immediately requested retrieval of the underlying criminal case record from storage, and that file (or at least the portion of it that had been before the Court of Appeals on Smith's appeal, plus a document that is directly responsive to Smith's current Petition), has now been delivered to this Court's chambers.

In brief Smith complains that the Bureau of Prisons has miscalculated his release date because it has failed to award the proper credit for time served in custody before he was sentenced. On that score the attached memorandum order (Dkt. No. 110), which

was entered by Judge Williams on September 18, 1998, squarely confirms Smith's contention that Judge Williams had intended that he receive credit against his 30-month custodial sentence for time served from October 18, 1991, <u>not</u> from the later date selected by Bureau of Prisons personnel. And as for the statement that Smith's Petition ascribes to a Bureau office employee, requiring that the minute order "must be signed by the U.S. Attorney," that is flat-out wrong--it is of course for the court, and not for the prosecutor, to confirm what the court itself has done.

Two signed counterparts of this memorandum are being transmitted to Smith for his use. If the Bureau of Prisons does not cure its error swiftly, this Court expects to hear further from Smith at an early date.[1]

                          _____
                          Milton I. Shadur
                          Senior United States District Judge

Date: May 29, 2008

---

[1] Although (as stated in the preceding paragraph of the text) the United States Attorney's office plays no role in confirming the accuracy of judicial rulings, this Court has also referred the matter to the United States Attorney's office with a directive to follow up on Smith's request as an administrative matter.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ann C. Williams | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 91 CR 821 | **DATE** | 9/18/98 |
| **CASE TITLE** | USA vs. LENELL SMITH | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____ . |
| (3) | ☐ | Answer brief to motion due_____ . Reply to answer brief due_____ . |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____ . |
| (5) | ■ | Status hearing held. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ . |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____ . |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____ . |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP 41(a)(2). |
| (10) | ■ | [Other docket entry] In sentencing the defendant it was the court's intention that he be given credit on his federal sentence for anytime served while in state custody. Accordingly the court orders that defendant's sentenced be calculated so that it commences immediately and runs concurrently with anytime served in state custody. The court recommends that credit be given from 10/18/91 through the date of sentencing. Letter to be sent defendant regarding calculation of time served in custody as stated in open court. |
| (11) | ☐ | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | No notices required, advised in open court. | | 3+1 number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 22 1998 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 110 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | SEP 22 1998 date mailed notice | |
| | courtroom deputy's initials DL | Date/time received in central Clerk's Office | | mailing deputy initials |